# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| EYBAR BROUILLET f/k/a EYBAR DAVILA-RIOFRIO, a/k/a EYBAR OLAYA DE DAVILA  Agency Case No. 27-455-335,<br><br>        Petitioner,<br>  v.<br><br>ERIC H. HOLDER, JR., et al.,<br><br>        Respondents. | Case No. 3:14-cv-00004-SLG |

## ORDER RE MOTION FOR AWARD OF ATTORNEY'S FEES AND COSTS

Before the Court is the Petitioner's Motion for Award of Attorney's Fee and Costs (Docket 79), the response (Docket 84) and the reply (Docket 85).

The Equal Access to Justice Act, 28 U.S.C. § 2412, provides in pertinent part that "a court shall award to a prevailing party . . . fees and other expenses . . . incurred by that party in any civil action . . . brought by or against the United States . . . unless the court finds that the position of the United States was substantially justified . . ."[1] A position is substantially justified when it is "justified to a degree that could satisfy a reasonable person" or has "a reasonable basis both in law and fact."[2]

Throughout this litigation, the Government has argued that the Court lacks jurisdiction.[3] Although the Court does not need to determine that issue for purposes of

---

[1] 28 U.S.C. § 2412(d)(1)(A).

[2] *Pierce v. Underwood*, 487 U.S. 552, 565 (1988).

[3] Docket 84 at 2; *see also* Docket 21 (Mot. to Dismiss for Lack of Jurisdiction); Docket 36

the pending motion, the Court does find that the Government's position in this litigation as to the Court's lack of jurisdiction to have been substantially justified. The REAL ID Act strips district courts of habeas jurisdiction to review removal orders. *See* 8 U.S.C. § 1252(b)(9). And the Ninth Circuit has affirmed that by virtue of the REAL ID Act, district courts' habeas jurisdiction is eliminated.[4] Based on that statute and the controlling case law, the Government's legal position had a reasonable basis. The Government's position was also reasonably based in fact, as the Government made its argument in response to the habeas petition that Ms. Brouillet had filed in district court seeking to vacate the order of removal.[5] In light of the foregoing, the Court finds the Government's position was substantially justified so as to preclude the award of fees to the Petitioner under the EAJA.

IT IS THEREFORE ORDERED that Petitioner's Motion for Award of Attorney's Fees and Costs at Docket 79 is DENIED.

DATED this 27th day of January, 2017 at Anchorage, Alaska.

                                            */s/ Sharon L. Gleason*
                                            UNITED STATES DISTRICT JUDGE

---

(Suppl. Brief in Support of Defs.' Mot. to Dismiss); Docket 42 (Reply re Mot. to Dismiss for Lack of Jurisdiction); Docket 68 (Mot. to Dismiss for Lack of Jurisdiction).

[4] *See Iasu v. Smith*, 511 F.3d 881, 886 (9th Cir. 2007).

[5] The Court also finds that the Government's position with respect to the fourth claim in the petition to have been substantially justified. *See* Docket 84 at 2, n.1.